UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                          :
DHIRAJ SHADIJA,                                           :
                                                          :
                              Plaintiff,                  :
                                                          :                    24-CV-3502 (VSB)
               -against-                                  :
                                                          :                    **ORDER**
                                                          :
APOLLO MANUFACTURING INC., JAI                            :
SADHWANI and ALICIA SADHWANI,                             :
                                                          :
                              Defendants.                 :
                                                          :
---------------------------------------------------------:
                                                          X

VERNON S. BRODERICK, United States District Judge:

The parties seek an entry of judgment pursuant to Federal Rule of Civil Procedure 68 in this Fair Labor Standards Act ("FLSA") case. (Docs. 68 (acceptance of Rule 68 offer of judgment by Plaintiff), 69 (proposed judgment).) The general rule in this Circuit, under *Cheeks v. Freeport Pancake House, Inc.*, is that parties may not privately settle a FLSA case without court approval or the approval of the Department of Labor ("DOL"). 796 F.3d 199, 200 (2d Cir. 2015). Settling parties often dismiss cases under Rule 41(a)(1)(A), which permits dismissal without court approval by filing a joint stipulation of dismissal unless "any applicable federal statute" provides otherwise. *Cheeks*, 796 F.3d at 201 (quoting Fed. R. Civ. P. 41(a)(1)(A)). In *Cheeks*, the Second Circuit determined that the FLSA fits "Rule 41's 'applicable federal statute' exception" because of the "unique policy considerations" underlying the statute, including its "remedial and humanitarian goals" and "the potential for abuse in [FLSA] settlements." *Id*. at 206 (internal quotation marks omitted); *see also id*. at 203 (noting "the great disparity in bargaining power between employers and employees").

1

After *Cheeks*, however, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019). I have repeatedly raised concerns that *Mei Xing Yu* creates outcomes inconsistent with the spirit and purpose of *Cheeks* by forcing courts to enter judgments that would not survive *Cheeks* review. *See Ballo v. R & J Auto. LLC*, No. 24-CV-1627, 2025 WL 485988, at *1 (S.D.N.Y. Feb. 12, 2025) (collecting cases). Other judges in this District have raised similar concerns. *See, e.g.*, *De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18-CV-994, 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020) ("The unfortunate result [of *Mei Xing Yu*] is that district courts, faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, will be forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68."). Judge Guido Calabresi, dissenting in *Mei Xing Yu*, expressed doubt that "the majority's holding can—or will—withstand Supreme Court scrutiny," opining that the decision "has no basis in the text, history, design, or purpose of the FLSA, nor indeed in common sense." 944 F.3d at 427 (Calabresi, J., dissenting).

Here, the parties include terms and conditions in their offer and acceptance of judgment that I would likely deem unreasonable in a settlement agreement submitted pursuant to *Cheeks*. In particular, the offer of judgment sets forth the judgment amount as $32,500, inclusive of attorneys' fees, expenses, and costs, but does not indicate how much of that amount will be paid in attorneys' fees or costs, (Docs. 68, 68-1), making it impossible for me to ascertain whether the attorneys' fees are reasonable. This term is incompatible with what I would consider a reasonable FLSA settlement. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (holding that when "attorneys' fees and costs are provided for in the settlement" the "fee

applicant must submit adequate documentation supporting the [request]" for the district court to evaluate for reasonableness).  I also am unable to compare the relatively low judgment amount to Plaintiff's total "maximum possible recovery." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).

However, *Mei Xing Yu* compels me to sign the proposed judgment in contravention to the result that I would likely reach under *Cheeks*.  Therefore, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

ORDERED that judgment shall be entered in accordance with the parties' Rule 68 offer and acceptance of judgment filed in this case.  (Docs. 68, 69.)  The judgment will be filed simultaneously with this Order.

SO ORDERED.

Dated: February 6, 2026
         New York, New York

Vernon S. Broderick
United States District Judge

3